428 F.2d 1203
 In the Matter of Simon G. Zervos, fdba, Simon G. Zervos
Enterprises, Bankrupt.
Simon G. ZERVOS, formerly doing business as Simon G. Zervos
Enterprises, Petitioner and Appellant,
v.
Richard M. MONEYMAKER, Trustee, Respondent and Appellee.
 No. 24012.
 United States Court of Appeals, Ninth Circuit.
 July 16, 1970.
 
 Andrew F. Leoni (argued), of Slate & Leoni, Los Angeles, Cal., for petitioner and appellant.
 William J. Tiernan (argued), of Danielson, Johnson, Burgard & Tiernan, Los Angeles, Cal., for respondent and appellee.
 Before CHAMBERS, CARTER and KILKENNY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant filed a voluntary petition in bankruptcy. During the proceedings he was questioned concerning his knowledge of and involvement in certain financial reports prepared by Dun & Bradstreet. The trustee (appellee) filed objections to appellant's discharge on the ground that appellant had committed perjury in violation of 18 U.S.C. 152 and was thus barred from discharge because of the provisions of 11 U.S.C. 32. Although he had the right to do so, appellant did not file a response to appellee's specifications of perjured testimony. The bankruptcy referee refused to discharge appellant because he found that appellant had committed perjury in his testimony concerning the financial reports. The district judge reviewed and upheld the referee's decision.
 
 
 2
 Appellant's main point is that falsity of his testimony was not proved because the specifications referred to a July 30, 1962, report, while the witnesses at the discharge hearing referred to reports bearing a different date. Thus, he argues, he was not answering falsely when he claimed lack of knowledge of the July 30, 1962, report. Such a technically narrow construction of his answers is of no avail to appellant because his testimony and the specifications were not limited to a particular report but broadly covered his denial that he had seen or distributed a Dun & Bradstreet report or had given Dun & Bradstreet any information whatsoever to substantiate the statements in the reports. If appellee erred in his specification concerning the date of a report (apparently there were several reports and the testimony concerning dates was conflicting), the error did not deprive appellant of notice of the charges and was waived by his failure to respond to the specifications. We agree with the district judge's conclusion that the answers went to a material matter.
 
 
 3
 Affirmed.